USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/25/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                   :

UNITED STATES OF AMERICA,             :

                             -v-                            :                1: 17-cr-290-GHW

ADRIAN QUINONES,                      :                <u>ORDER</u>

                        Defendant.   :

------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

       On April 23, 2020, the Court received a letter from Mr. Adrian Quinones. Dkt. No. 595. In his letter, Mr. Quinones requests that the Court order him released on compassionate release in connection with the COVID-19 pandemic—in part so that he can help to support his family. The Court sentenced Mr. Quinones to 78 months imprisonment on January 3, 2019, after Mr. Quinones had pleaded guilty to the offense of conspiracy to distribute and possess with intent to distribute 28 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 846—a crime mandating a five year term of imprisonment. Mr. Quinones was 26 years old at the time of his sentencing. The Court noted at the time that Mr. Quinones was in generally good health, but that he suffered from asthma. Sentencing Transcript, Dkt. No. 448, at 23:16-17.

       The Court must deny the application at this time because it is not apparent from Mr. Quinones' letter that he has taken the steps necessary to obtain the relief that he is requesting pursuant to the governing statute. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before bringing a motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the

Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment........").

Therefore, in order for Mr. Quinones to move this Court for compassionate release, he must first apply to the warden of his facility, requesting that the Bureau of Prisons make an application for compassionate release on his behalf. In the event that the BOP does not respond to the application within 30 days, the statute then permits Mr. Quinones to make an application to the Court. The Court requests that in any subsequent application, Mr. Quinones provide information regarding when and how he requested the warden of his facility to move for compassionate release on his behalf.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Quinones.

SO ORDERED.

Dated: April 25, 2020

_____
GREGORY H. WOODS
United States District Judge