AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/18/21

UNITED STATES OF AMERICA

v.

ADRIAN QUINONES

Case No. 1:17-cr-290

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

2

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Mr. Quinones' application, Dkt. No. 638, as well as the materials presented to the Court in connection with his sentencing.  The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  Mr. Quinones' submission does not provide sufficient information for the Court to conclude that that there are extraordinary and compelling reasons for his release.  Mr. Quinones is relatively young.  He was born in 1992.  Sentencing Transcript, Dkt. No. 448 ("Tr."), at 22:10-11.  Mr. Quinones suffers from two asthma.  However, thankfully, to the Court's knowledge controlled asthma has not been identified as a condition that substantially increase the risk associated with COVID-19.  See Danny Hakim, "Asthma Is Absent Among Top Covid-19 Risk Factors, Early Data Shows," New York Times, April 20, 2020.  Mr. Quinones' application does not present sufficient information for the Court to conclude that his asthma is not currently being managed in a way that would effectively reduce the risk associated

with COVID-19. And Mr. Quinones' age cohort is one that is not associated with a substantially higher risk of complications from COVID-19.

Assuming, without holding, that Mr. Quinones' health conditions, combined with the circumstances at the facility in which he is incarcerated, are sufficient to permit the Court to conclude that extraordinary and compelling circumstances that might support a modification of his sentence exist in this case, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Quinones' sentence is appropriate at this time. The Court sentenced Mr. Quinones to principally to 78 months imprisonment for his crime of conviction. That sentence represented a very substantial downward variance from the advisory sentencing guidelines range for Mr. Quinones' crime, given the fact that he is classified as a career offender. The Court does not conclude that a reduction is warranted. While the factor related to the need for Mr. Quinones to receive medical care arguably weighs more heavily in favor of a lesser sentence now, the Court's assessment of all of the other § 3553(a) sentencing factors, all continue to weigh heavily against a modification of his sentence now. The Court commented at length on the § 3553(a) factors at sentencing, and will not retread them all here. The nature of Mr. Quinones' crime was very serious. He was part of a conspiracy to sell crack cocaine. Tr. at 21:17-22:4. The need for the sentence imposed to impose just punishment as well as to achieve the goals of personal and general deterrence continue to weigh heavily in the Court's assessment of the § 3553(a) factors, given the nature of Mr. Quinones underlying offense. And, unfortunately, as the Court noted at sentencing, the Court is concerned regarding the need for personal deterrence for Mr. Quinones, in particular in light of his prior criminal history, which included robberies in which

Mr. Quinones acted violently. Tr. at 24:9-25:10. As a result, based on its assessment of the factors described in the statute, the Court does not believe that early release is appropriate.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

January 18, 2021

_____
GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE